IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMIEL CUETO,**

**Plaintiff,**

**vs.**

**ATTORNEY REGISTRATION AND**
**DISCIPLINARY COMMISSION OF THE**
**SUPREME COURT OF ILLINOIS,**

**Defendant.**                                        **No. 05-CV-169-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is a motion to dismiss submitted by Defendant Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (ARDC). (Doc. 4.) On November 19, 2004, Plaintiff Amiel Cueto was disbarred by the Illinois Supreme Court due to his criminal convictions. Plaintiff's *pro se* complaint of March 8, 2005, alleges that the ARDC's assessment of costs against him in the state disbarment proceedings violates the Due Process and Equal Protection clauses of the Fourteenth Amendment. (Doc. 1.) The ARDC moves to dismiss Cueto's complaint based on, among other reasons, lack of jurisdiction. (Doc. 4.) Plaintiff has responded in objection. (Doc. 11.) For the following reasons, the Court **GRANTS** Defendant ARDC's motion to dismiss. (Doc. 4.)

## II. Background

In 1997, Cueto was convicted in the Southern District of Illinois of one count of conspiracy to defraud the United States and three counts of obstruction of justice. **United States v. Cueto, No. 96-CR-30070-DRH (S.D. Ill. Sept. 19, 1997)(Limbaugh, J.)**. The Seventh Circuit upheld his conviction in 1998, **United States v. Cueto, 151 F.3d 620 (7th Cir. 1998)**, and the United States Supreme Court subsequently denied certiorari, **United States v. Cueto, 526 U.S. 1016 (1999)**.

In 1997, ARDC's Administrator initiated proceedings to have Cueto disbarred. (Doc. 1); **In re Cueto, Comm. No. 97-SH-100 (Ill. A.R.D.C. Mar. 28, 2003)**. On August 31, 2001, the ARDC Review Board rejected a first set of findings issued by the ARDC Hearing Board and remanded for further proceedings, **Comm. No. 97-SH-100 (Ill. A.R.D.C. Aug. 31, 2001)**, a decision left undisturbed by the Illinois Supreme Court, **M.R. 17763, Comm. No. 97-SH-100 (Ill. Jan. 30, 2002)**. (Doc. 1 ¶ 5; Doc. 5, Ex. 7.)  On July 19, 2004, the ARDC Review Board adopted the ARDC Hearing Board's second set of findings and recommended Cueto's disbarment. **Comm. No. 97-SH-100 (Ill. A.R.D.C. July 19, 2004)**. On November 17, 2004, the Illinois Supreme Court adopted the ARDC Review Board's recommendation and disbarred Cueto. **M.R. 19679, Comm. No. 97-SH-100 (Ill. Nov. 17, 2004)**; (Doc. 5, Ex. 1.)

Later, the ARDC filed a motion for costs which gives rise to this action.

2

**Illinois Supreme Court Rule 773(c)** states as follows:

> After the imposition of discipline by the court, the Administrator shall prepare an itemized statement of costs, not to exceed $1,000, which shall be made a part of the record. A copy of the statement shall be served on the respondent. The Administrator may petition the court for costs reasonably and necessarily incurred by the administrator in excess of $1,000, which may be allowed for good cause shown. Costs up to $1,000 shall be paid by the respondent within 30 days of service of the statement. Costs in excess of $1,000 shall be paid by the respondent within 30 days of the order allowing the petition for excess costs.

On January 24, 2005, the ARDC Administrator filed a "Petition for Order and Judgment for Costs" with the Illinois Supreme Court within the state attorney disciplinary proceeding ***In re Cueto*, Comm. No. 97-SH-100**. (Doc. 1, p. 8-9.) The Petition sought to recover $1,000 of the $10,570.31 expended by the ARDC in obtaining Cueto's disbarment. (Doc. 1, p. 8-13.)

Rather than just filing a response to the ARDC's motion in the state proceeding, Cueto initiated this federal lawsuit on March 8, 2005. Later, on March 17, 2005, Cueto did file a document with the Illinois Supreme Court entitled "Amiel Cueto's Response to Petition for Order and Judgment for Costs." (Doc. 5, Ex. 3.) Cueto's state proceeding response stated that Cueto had filed "a COMPLAINT styled *Amiel Cueto v. ARDC*, 05-CV-169-DRH" given that he had no opportunity to contest the costs. (Doc. 5, Ex. 3.) The state proceeding response also asked the Illinois Supreme Court to deny the Administrator's petition for costs. (Doc. 5, Ex. 3.)

After Cueto filed this federal suit and a response in the state proceeding, the Illinois Supreme Court entered an order on May 18, 2005, granting the ARDC's

motion for $1,000 in costs. (Doc. 12, Ex. 2).

Cueto's federal complaint is vague as to the legal bases that support his request for relief. However, his requested relief is clear: "that the Court will hold that the 'Statement of Costs', which the ARDC would impose on Amiel Cueto [in ***In re Cueto*, 97 SN 100**], is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment." (Doc. 1, p. 6.)

### III. Analysis

Defendant ARDC moves to dismiss this suit because, among other reasons, this Court lacks jurisdiction to entertain an attack on a state attorney disciplinary proceeding. (Docs. 4, 5.) Plaintiff Cueto claims he has a right to litigate federal constitutional issues in this court but cites no case that actually suggests subject matter jurisdiction exists. (Doc. 9.)

Despite whether this federal suit constitutes an appeal or a collateral attack, this Court does not have jurisdiction to consider the matter raised in Cueto's complaint. The issue of subject matter jurisdiction may be raised at any time. ***See, e.g., Levin v. ARDC*, 74 F.3d 763, 766 (7th Cir. 1996)**. Case law clearly demonstrates that lower federal courts do not have jurisdiction to review attacks on state attorney disciplinary proceedings. ***Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141-42 (7th Cir. 1999); *Levin v.***

4

*ARDC*, 74 F.3d 763, 766 (7th Cir. 1996); *In re Palmisano*, 70 F.3d 483, 487 (7th Cir. 1995).[1]  In this case, Cueto's only requested relief (a declaration that the "statement of costs" in the state proceeding is unconstitutional) is clearly an attack on the Illinois Attorney Disciplinary Proceeding.  Consequently, this Court clearly does not have jurisdiction over the matter in Cueto's complaint.

### IV.  Conclusion

The Court **GRANTS** Defendant ARDC's motion to dismiss since it lacks jurisdiction to consider an attack on the Illinois Supreme Court's disciplinary proceedings against Cueto.  (Doc. 4.)  Therefore, the Court **DISMISSES without prejudice** Cueto's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 18th day of July, 2005.

/s/    David RHerndon
**United States District Judge**

---

[1] This precise ruling was recently reiterated in the unpublished Seventh Circuit decision of *In re Crenshaw*, No. 05-1042, 2005 WL 1140306 (7th Cir. May 12, 2005).